UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JAMES INGRAM, JR.,** § | |
| **TDCJ No. 02153629,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. SA-20-CA-01148-XR |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner James Ingram, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), Petitioner's Memorandum in Support (ECF No. 2), and Respondent Bobby Lumpkin's Answer thereto (ECF No. 11). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In August 2017, a Gonzales County jury found Petitioner guilty of assault on a public servant. Following a separate punishment proceeding, the trial court found that the two enhancement paragraphs included in the indictment to be true and sentenced Petitioner to twenty-five years of imprisonment. *State v. Ingram, Jr.*, No. 210-16-B (25th Dist. Ct., Gonzales Cnty., Tex. Aug. 22, 2017) (ECF No. 12-2 at 65-66).

The Texas Thirteenth Court of Appeals affirmed Petitioner's conviction in an unpublished opinion on direct appeal. *Ingram, Jr. v. State*, No. 13-17-00490-CR (Tex.

App.─Corpus Christi-Edinburg, Dec. 6, 2018, pet. ref'd); (ECF No. 12-16). The Texas Court of Criminal Appeals (TCCA) then refused his petition for discretionary review (PDR). *Ingram, Jr. v. State*, No. 1367-18 (Tex. Crim. App. Apr. 10, 2019).[1] On August 15, 2019, Petitioner filed a state habeas corpus application challenging the constitutionality of his state court conviction, but the TCCA eventually denied the application without written order on March 11, 2020, based on the findings of the trial court and on the court's own independent review of the record. *Ex parte Ingram, Jr.*, No. 89,506-02 (Tex. Crim. App.); (ECF Nos. 13-12, 13-19 at 21).

Petitioner initiated the instant proceedings on September 25, 2020, by filing a petition for federal habeas relief and supplemental memorandum in support. (ECF Nos. 1, 2). In the petition and supplemental memorandum, Petitioner raises two grounds for relief: (1) the evidence was legally insufficient to support a conviction for assault on a public servant, and (2) his trial counsel rendered ineffective assistance by failing to object to the use of an Oklahoma conviction for enhancement purposes. Respondent, relying exclusively on the state court's adjudication of these claims during Petitioner's direct appeal and state habeas proceedings, argues federal habeas relief is precluded under the AEDPA's deferential standard. (ECF No. 11).

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

---

[1] *See* http://www.search.txcourts.gov, search for "Ingram, James" last visited April 16, 2021.

court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Merits Analysis

A.   **Sufficiency of the Evidence (Claim 1).**

Petitioner first contends the State failed to present legally sufficient evidence to support a conviction for assault on a public servant. Specifically, Petitioner contends the evidence was insufficient to establish that the victim actually suffered bodily injury or that Petitioner recklessly caused this injury. Petitioner's allegation was rejected by the state appellate court on direct appeal and again by the TCCA when it refused Petitioner's PDR. As discussed below, Petitioner fails to show that either court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record.

1.   Relevant Facts

On direct appeal, the Thirteenth Court of Appeals accurately summarized the evidence presented at Petitioner's trial:

> The State first called Officer Daniel Torres of the Luling Police Department. At the time of [Petitioner]'s offense, Torres was employed with the Nixon Police Department. Torres initiated a traffic stop of [Petitioner]'s vehicle after he observed [Petitioner] driving. Torres was aware that [Petitioner]'s license was suspended, and he confirmed that fact over the computer prior to the traffic stop. According to Torres, [Petitioner] ignored the flashing police lights and continued to drive a short distance until he parked at his residence. Once there, [Petitioner] exited his vehicle, and Torres informed [Petitioner] he was being placed under arrest for driving without a license. Torres repeatedly instructed [Petitioner] to place his hands behind his back, but [Petitioner] refused to comply. [Petitioner]'s girlfriend and wife were also present at the scene.
>
> After [Petitioner] failed to comply with Torres's commands, Torres attempted to grab [Petitioner]'s arm to place him under arrest. According to Torres, when he grabbed [Petitioner]'s arm, [Petitioner] "pushed with both hands and punched" in one simultaneous motion, striking Torres in the chest and in the face. The strike knocked Torres into the lawn tractor beside him, but he regained his balance and successfully placed [Petitioner] under arrest. Torres explained the strike caused his face to sting, caused it to be sore that night, and caused it to be swollen the next day.

4

>     Torres radioed for back up, and Deputy Jared Brumme of the Gonzales County Sheriff's Office responded to the call. Brumme testified that when he arrived he noticed Torres was a bit shaken from the struggle with [Petitioner] and that Torres had a small amount of redness on his cheek area.
>
>     As his witnesses, [Petitioner] called his girlfriend, Darcy Clifton, and his wife, Carolyn Thomas. Clifton testified that Torres pushed [Petitioner] as he attempted to put handcuffs on him and that [Petitioner] then pushed Torres back, causing him to trip over the lawnmower. Clifton denied seeing [Petitioner] punch Torres. Thomas testified that [Petitioner] and Torres "started tussling" as Torres attempted to handcuff [Petitioner]. As they struggled, according to Thomas, both Torres and [Petitioner] fell. Thomas testified she never saw [Petitioner] strike Torres.

*Ingram, Jr. v. State*, No. 13-17-00490-CR (ECF No. 12-16 at 2-3).

    2.    <u>Reviewing Sufficiency Claims Under AEDPA</u>

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court enunciated the standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding. The Court stated the issue to be "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. In applying this standard, the Court went on to say that "[t]his familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. Thus, all credibility choices and conflicts in inferences are to be resolved in favor of the verdict. *United States v. Resio-Trejo,* 45 F.3d 907, 911 (5th Cir. 1995); *United States v. Nguyen,* 28 F.3d 477, 480 (5th Cir. 1994).

In addition, AEDPA imposes a "twice-deferential standard" when a federal court reviews a state prisoner's claim challenging the sufficiency of the evidence. *Parker v. Matthews*, 567 U.S. 37, 43 (2012). As the Supreme Court has explained:

5

> The opinion of the Court in *Jackson v. Virginia* . . . makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "objectively unreasonable."

*Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (citations omitted).

    3.    Application of the *Jackson* Standard

Petitioner raised his insufficient evidence claim during his direct appeal proceedings, but the TCCA refused Petitioner's PDR without written order. Thus, this Court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018); *Uranga v. Davis*, 82 F.3d 282, 287 n.33 (5th Cir. 2018). In other words, the Court must look to the last reasoned state judgment that considered and rejected Petitioner's insufficient evidence claim when reviewing the claim under the doubly deferential standard set forth in *Jackson*. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

In this case, the last reasoned state court decision was issued by the intermediate court of appeals, which set forth the elements of the offense and concluded that there was sufficient evidence to support Petitioner's conviction for assault on a public servant:

> A person commits the offense of assault on a public servant if a person (1) intentionally, knowingly, or recklessly (2) causes bodily injury to another; and (3) the offense is committed against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1).
>
> A mental state may be inferred from acts, words, and conduct of the accused. *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991) (*en banc*); *Louis v. State*, 329 S.W.3d 260, 268-69 (Tex. App.—Texarkana 2010), *aff'd*, 393 S.W.3d 246 (Tex. Crim. App. 2012). "Indeed, mental culpability is of

6

such a nature that it generally must be inferred from the circumstances under which a prohibited act or omission occurs." *Hernandez*, 819 S.W.2d at 810; *see Louis*, 329 S.W.3d at 268-69.

Here, Torres, Clifton, and Thomas testified [Petitioner] repeatedly refused to comply with Torres's requests to place his arms behind his back. According to them, when Torres grabbed [Petitioner] by the arm, [Petitioner] pushed Torres back. Looking at the evidence in the light most favorable to the verdict, we conclude that a jury could have found or inferred that [Petitioner] acted intentionally, knowingly, or recklessly. *See Howard v. State*, 333 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Payne v. State*, 502 S.W.3d 829, 832 (Tex. App.—Houston [14th Dist.] no pet.); *see also Price v. State*, 457 S.W.3d 437 441-42 (Tex. Crim. App. 2015). Bodily injury is defined as physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(a)(8) (West, Westlaw through 2017 1st C.S.). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). "A fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it." *Id*.

Here, Torres explained he was sore and experienced pain and swelling. Brumme testified Torres had redness on his face after the altercation. This constituted evidence of bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(8); *Garcia*, 367 S.W.3d at 688. It is also undisputed that, at the time of the offense, Torres was a police officer in uniform discharging an official duty. *See Clark v. State*, 461 S.W.3d 244, 248-49 (Tex. App.—Eastland 2015, pet. ref'd). The jury could have inferred that [Petitioner] knew Torres was a public servant lawfully discharging an official duty. Even if there was conflicting testimony, we must presume that the trier of fact resolved any conflict in the evidence and testimony in favor of the prosecution, and we must defer to that resolution. *Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd) (citing *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (*en banc*)). Therefore, we conclude the evidence was sufficient to support [Petitioner]'s conviction for assault on a public servant. *See Ortega v. State*, 207 S.W.3d 911, 919-20 (Tex. App.—Corpus Christi 2006, no pet.). We overrule [Petitioner]'s first issue.

*Ingram, Jr. v. State*, No. 13-17-00490-CR (ECF No. 12-16 at 5-6).

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record. Again, a state appellate court's determination is entitled to great deference when, as was done in this case, the court conducted a thorough and

thoughtful review of the evidence. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993). Moreover, this Court has independently reviewed the record and finds the evidence sufficient to support the verdict. Thus, viewing all of the evidence under the doubly deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief under *Jackson*. Federal habeas relief is therefore denied.

**B.      Trial Counsel (Claim 2).**

Petitioner next contends his trial counsel was ineffective for failing to object to the use of an out-of-state conviction for enhancement purposes. Specifically, Petitioner contends that his August 1989 Oklahoma conviction for assault and battery was inadmissible under Texas law and counsel failed to properly object to its admission at the punishment phase. Petitioner raised this allegation during his state habeas proceedings which the TCCA rejected. As discussed below, Petitioner fails to demonstrate the state habeas court's rejection of this argument was either contrary to, or an unreasonable application of, Supreme Court precedent.

1.      The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

9

2. <u>Analysis under *Strickland*</u>

Petitioner contends his trial counsel, Robert Bland, was ineffective for failing to challenge the use of an out-of-state conviction for purposes of enhancement. While noting that counsel briefly stated on the record his belief that the State failed to establish that the enhancements were valid, Petitioner contends that counsel failed to raise a specific objection to the use of the Oklahoma conviction under Texas law.

Petitioner raised this allegation during his state habeas proceedings. In recommending the denial of Petitioner's application, the state habeas trial court adopted counsel's explanations (given by affidavit) and issued these additional findings:

(15) [Petitioner] alleges that trial counsel was ineffective for failing to object to the use of a prior out-of-state conviction for enhancement purposes.

(16) "An out-of-state prior final felony conviction can be used to enhance a sentence imposed in Texas. Under the Full Faith and Credit Clause of the United States Constitution, the various states must recognize 'public acts, records, and judicial proceedings of every other State.' The Full Faith and Credit Clause ensures that judicial decisions rendered by a court in one State are recognized and honored in every other state. However, the out-of-state conviction must be a 'final' conviction." *Ex parte Pue,* 552 S.W.3d 226, 231 (Tex. Crim. App. 2018).

(17) "'[A] conviction is not final for enhancement purposes where the imposition of sentence has been suspended and probation granted.' 'A successfully served probation is not available for enhancement purposes.' The imposition of a sentence is required to establish the finality of a conviction. However, a probated sentence can turn into a final conviction if probation is revoked." *Ex parte Pue,* 552 S.W.3d 226, 230-31 (Tex. Crim. App. 2018).

(18) Here, [Petitioner]'s Oklahoma conviction was for "assault and battery with a dangerous weapon," a felony offense, and [Petitioner]'s conviction resulted in [Petitioner] being incarcerated for two years and 335 days, making the conviction "final" under Texas law.

(19) Additionally, [Petitioner]'s Oklahoma conviction was previously used for enhancement purposes in [Petitioner]'s previous deadly conduct conviction out of Bexar County. (R.R. vol 3 of 4, at 189).

10

(20)  Mr. Bland reviewed the State's certified copy of [Petitioner]'s out-of-state conviction as well as the Texas Penal Code Section 12.42, and determined that [Petitioner]'s Oklahoma conviction was available for enhancement purposes.  (Affidavit of Trial Attorney at 3-4 ).

(21)  [Petitioner]'s assertions which conflict with his trial counsel's assertions are not credible.

(22)  This Court finds [Petitioner]'s claim that trial counsel was ineffective for failing to object to the use of an out-of-state conviction for enhancement purposes without merit.  [Petitioner] fails to carry his burden that trial counsel rendered ineffective assistance of counsel.

(ECF No. 13-8 at 4-5).  The TCCA adopted the trial court's findings when it denied relief without written order.  (ECF No. 13-12).

Petitioner fails to show that the state court's ruling was contrary to, or involved an unreasonable application of, federal law, or that it was an unreasonable determination of the facts based on the evidence in the record.  The trial court's findings thoroughly explain that Mr. Bland's failure to challenge the use of the Oklahoma conviction at punishment was strategic, as the out-of-state conviction was clearly available for enhancement purposes under Section 12.42 of the Texas Penal Code.  Petitioner has not shown that this determination "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Richter*, 562 U.S. at 103.

Moreover, this Court has independently reviewed the record of these proceedings and finds that counsel's failure to object to the enhancement was neither deficient nor prejudicial to Petitioner's defense.  The record does not reflect that allowing the enhancement was wrong under state law, and counsel's performance cannot be considered deficient or prejudicial if counsel fails to raise a non-meritorious argument.  *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006).  Indeed, such an objection by counsel would have been futile given that the conviction in question had been used for

enhancement purposes in Petitioner's previous conviction for deadly conduct. For these reasons, Petitioner's trial counsel cannot reasonably be faulted for failing to raise such an objection at the instant punishment proceeding. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)); *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (counsel not ineffective for failing to lodge what would likely have been a futile objection).

Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's decision was objectively unreasonable or that he is entitled to relief on his IATC claim.

### IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during either his direct appeal or state habeas proceedings was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner James Ingram, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 19th day of April, 2021.

                                          **XAVIER RODRIGUEZ**
                                          **United States District Judge**